UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**STEVEN GERALD HODGE,**

        **Plaintiff,**

**v.**                                                  Case No:   6:13-cv-523-Orl-31GJK

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

Steven Gerald Hodge (the "Claimant"), appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for disability insurance benefits. Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by failing "to apply the correct legal standards to the opinions of [Claimant's] treating orthopedist, Dr. Halperin." Doc. No. 16 at 8-11. For the reasons that follow, it is **RECOMMENDED** that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

**I.    STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II. ANALYSIS.

At the center of this dispute is whether the ALJ articulated good cause to assign Dr. Halperin's opinions less than significant weight by finding that his opinions are "somewhat overstated and not well supported" and relying on an opinion rendered after Claimant's date last insured. Doc. Nos. 16 at 8-11; 17 at 4-7. Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability. The Eleventh Circuit recently clarified the standard the Commissioner is required to utilize when considering medical opinion evidence. In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the

claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id.* (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam)). "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

Absent good cause, the opinion of a treating physician must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).

> Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."

*Johnson v. Barnhart*, 138 F. App'x 266, 270 (11th Cir. 2005) (quoting *Phillips*, 357 F.3d at 1240-41). Thus, good cause exists to give a treating physician's opinion less than substantial weight when the opinion is not bolstered by the evidence, evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's medical records.

Claimant began treatment with Dr. Halperin on June 15, 2009. R. 350-53. Based on Claimant's medical history, reported pain, and physical examination, Dr. Halperin assessed Claimant with persistent left shoulder pain. R. 350-53. In light of this assessment, Dr. Halperin indicated that Claimant's "work status is no overhead lifting [and] no lifting over five pounds with the left arm." R. 353.

Claimant continued to receive treatment from Dr. Halperin through August 26, 2010. R. 510-14, 529-38. Claimant's work status remained unchanged from his initial visit through November 6, 2009. R. 510-13. On November 6, 2009, Claimant underwent surgery on his left

shoulder.  R. 514.  On November 9, 2009, Dr. Halperin indicated that Claimant "cannot do any lifting more than seven pounds for three months."  R. 529.  On November 16, 2009, Dr. Halperin indicated Claimant was "doing relatively well[,]" but limited Claimant's work status to "no use of the left hand."  R. 530.  On December 21, 2009, Dr. Halperin indicated that Claimant continued to experience pain, but was "doing better."  R. 531.  Dr. Halperin also indicated that Claimant had "significantly limited function of the left arm[,]" and that his "work status will be no lifting over 5 pounds, no repetitive motion, and no overhead lifting with the left arm."  R. 531.

After the Claimant's date last insured, on January 28, 2010, Dr. Halperin indicated that Claimant's work status is "no use of the left shoulder."  R. 532.  On March 4, 2010, Dr. Halperin did not assign any work status to Claimant, but indicated that they had "made him better" though Claimant's left "shoulder is not functioning as well as [he] hoped[.]"  R. 533.  On March 23, 2010, Dr. Halperin indicated that Claimant is at "maximum medical improvement[,]" and has "permanent restrictions of no overhead lifting [and] no lifting over 15 pounds with the left arm."  R. 534.  Dr. Halperin treated Claimant twice more in August 2010, indicating that the restrictions set forth in his March 23, 2010 treatment note are unchanged.  R. 536-8.

At step one of the sequential evaluation process, the ALJ found that Claimant "did not engage in substantial gainful activity during the period from his alleged onset date of March 18, 2008 through his date last insured of December 31, 2009[.]"  R. 32.  At step four of the sequential evaluation process, the ALJ found that Claimant had the following exertional limitations through the date last insured:

> [L]ight work except that he would be limited to lifting and carrying up to ten [(10)] pounds with his left upper extremity.  Also with the left upper extremity, he may occasionally push, pull and reach, but may never reach, lift, push, or pull overhead.  With the right dominant upper extremity, the claimant may lift up to 20 pounds occasionally and 10 pounds frequently.  He may occasionally use

> the right upper extremity overhead, up to five pounds. The claimant may never crawl or climb ladders, ropes or scaffolds. He should avoid concentrated exposure to unprotected heights and concentrated use of moving machinery.

R. 33.[1] In reaching this RFC, the ALJ considered Dr. Halperin's treatment records and opinions (R. 35-7), and stated the following:

> After a full physical and review of medical records, [Dr. Halperin] opined in June 2009 that the claimant could lift up to five pounds but do no overhead lifting on the left (Ex. 6F). He reiterated this opinion in December 2009 following the biceps surgery (Ex. 15F). Subsequently in January and March 2010, this doctor opined that the claimant could not use his left shoulder or hand (Ex 12F). These opinions are also entitled to significant weight because they are from a treating medical source. However, based on all relevant evidence, I find that these limitations are somewhat overstated and not well supported. In fact, the functional capacity evaluation in March 2010, even with suspect results, showed that the claimant could lift up to 15 pounds. Therefore, these opinions are afforded only some weight.

R. 37. Accordingly, the ALJ assigned Dr. Halperin's opinions some weight because he found Dr. Halperin's opinions "somewhat overstated and not well supported." R. 37. In support of this finding, the ALJ relies on Dr. Halperin's March 23, 2010 treatment note, indicating that it demonstrates that Claimant, contrary to Dr. Halperin's prior opinions, could lift up to fifteen (15) pounds. R. 37.

Claimant argues that the ALJ did not articulate good cause to assign Dr. Halperin's opinions less than substantial weight. Doc. No. 16 at 9-11. Specifically, Claimant argues that the ALJ's finding that Dr. Halperin's opinions are "somewhat overstated and not well supported" is conclusory, and therefore does not constitute good cause. Doc. No. 16 at 10. Instead of directly responding to this argument, the Commissioner argues that the weight assigned to Dr.

---

[1] The ALJ also found that Claimant had several non-exertional impairments. *See* R. 33. Claimant's sole argument, however, does not challenge any aspect of the ALJ's finding concerning his non-exertional impairments. *See* Doc. No. 16.

Halperin's opinions is supported by substantial evidence because Dr. Halperin's opinions were "'overstated' based on the rest of the evidence[,]" contradicted by Claimant's testimony, and contradicted by Dr. Scott Silas' treatment notes.  Doc. No. 17 at 5-6.  The ALJ, however, did not articulate any of these reasons as a basis for assigning Dr. Halperin's opinions less than substantial weight.  *See* R. 37.  Accordingly, the undersigned finds the Commissioner's post hoc rationalization unavailing.  *See, e.g.*, *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).[2]

The ALJ's finding that Dr. Halperin's opinions are "somewhat overstated and not well supported" is conclusory.  Conclusory statements by an ALJ to the effect that an opinion is inconsistent with or not bolstered by the medical record are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion.  *See Anderson v. Astrue*, Case No. 3:12-cv-308-J-JRK, 2013 WL 593754, at *5 (M.D. Fla. Feb. 15, 2013) (the ALJ must do more than recite a good cause reason to reject a treating physician's opinion and must articulate evidence supporting that reason); *see also Poplardo v. Astrue*, Case No. 3:06-cv-1101-J-MCR, 2008 WL 68593, at *11 (M.D. Fla. Jan. 4, 2008) (failure to specifically articulate evidence contrary to treating physician's opinion requires remand); *Paltan v. Comm'r of Soc. Sec.*, Case No. 6:07-cv-932-Orl-19DAB, 2008 WL 1848342, at *5 (M.D. Fla. Apr. 22, 2008) ("The ALJ's failure to explain how [the treating physician's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required."). Here, Dr. Halperin's March 23, 2010 treatment note was the only evidence cited in support of the ALJ's finding that Dr. Halperin's opinions were "somewhat overstated and not well supported."

---

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11th Cir. R. 36-2.

*See* R. 37.  Accordingly, the Court must determine whether the March 23, 2010 treatment note provides good cause to assign Dr. Halperin's opinions less than substantial weight.

Claimant argues that Dr. Halperin's March 23, 2010 treatment note has no bearing on his functional capacity prior to the date last insured, and therefore is not good cause to assign Dr. Halperin's opinions less than significant weight.  Doc. No. 16 at 10.[3]  Although Claimant cites no authority in support of his argument (*See* Doc. No. 16 at 10), the undersigned finds that his argument has merit.  A claimant seeking disability insurance benefits must demonstrate that he or she was disabled on or before his or her date last insured.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam).  Accordingly, medical opinions rendered after the date last insured that do not opine about a claimant's functional capacity prior to the date last insured are not particularly relevant in determining whether a claimant was disabled for purposes of DIB.  *See Hughes v. Comm'r of Soc. Sec. Admin.*, 486 F. App'x 11, 13-14 (11th Cir. 2012) (per curiam) (noting that three of a treating physician's opinions that did "not appear to be based upon [claimant's] mental and physical conditions within the time period" on or before his date last insured "were not particularly relevant to whether [claimant] was disabled for purposes of DIB."). Likewise, such opinions are not particularly relevant in determining what weight to assign an opinion rendered during the relevant period (i.e., between the alleged onset date and date last insured), because such opinions focus on a claimant's functional capacity outside the relevant

---

[3] The Commissioner acknowledges that the March 23, 2010 treatment note post-dates the Claimant's date last insured, but argues that the "ALJ was still entitled to consider it."  Doc. No. 17 at 6-7 (citing *Mason v. Comm'r of Soc. Sec.*, 430 F. App'x 830, 832 (11th Cir. 2011)).  The Commissioner's argument, however, is not responsive to the issue at bar, as it does not address whether the ALJ may rely solely on a treating physician's opinion rendered after the date last insured to assign less than substantial weight to the same physician's opinions rendered between the alleged onset date and date last insured.  *See* Doc. No. 17 at 6-7.  Further, *Mason* is distinguishable from the case at bar, as it dealt with the weight assigned to a retrospective opinion.  *Mason*, 430 F. App'x at 832-33.  Dr. Halperin's March 23, 2010 treatment note did not provide a retrospective opinion concerning Claimant's functional capacity prior to the date last insured, but instead opines as to Claimant's functional capacity as of March 23, 2010.  R. 534.  For these reasons, the undersigned finds the Commissioner's argument unavailing.

period.

Here, the ALJ's decision to assign Dr. Halperin's opinions less than substantial weight relied solely on a treatment note created nearly four (4) months after the date last insured.  R. 37. The treatment note does not provide a retrospective opinion concerning Claimant's functional capacity prior to the date last insured, but instead opines as to Claimant's functional capacity as of March 23, 2010.  R. 534.  Such evidence, especially where it was the only evidence relied upon by the ALJ, does not constitute good cause to assign Dr. Halperin's opinions rendered during the relevant period less than substantial weight.  Accordingly, the undersigned finds that the ALJ did not articulate good cause in assigning Dr. Halperin's opinions less than substantial weight, and, as a result, his opinion is not supported by substantial evidence.[4]

### III.   CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Court:

1. **REVERSE** and **REMAND** the final decision of the Commissioner for further proceedings pursuant to sentence four of Section 405(g); and

2. Direct the Clerk to enter judgment in favor of the Claimant and against the Commissioner, and to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[4] The Commissioner does not argue harmless error.  *See* Doc. No. 17.

Recommended in Orlando, Florida on April 25, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy